**In re CAPITAL ONE BANK CREDIT CARD TERMS LITIGATION**

**Ed Sipper, et al.**

**v.**

**Capital One Bank, C.D. California, C.A. No. 2:01–9547**

**Jautassa Nelson, et al.**

**v.**

**Capital One Bank, et al., N.D. California, C.A. No. 3:01–79**

**No. 1451.**

Judicial Panel on Multidistrict Litigation.

April 24, 2002.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

KEENAN, Acting Chairman.

This litigation presently consists of two actions: one action each in the Northern District of California and the Central District of California.[1] Before the Panel is a motion by the Northern California plaintiffs, pursuant to 28 U.S.C. § 1407, to centralize these actions in either the Northern District of California or Central District of California for coordinated or consolidated

---

* Judge Hodges did not participate in the decision of this matter.

1. The Panel has been notified that a related action—*Juan Godinez, et al. v. Capital One Bank,* C.D. California, C.A. No. 2:01–9515—is pending in the Central District of California. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

pretrial proceedings. The Central California plaintiffs support centralization in the Central California court. Defendants Capital One Bank and Capital One Financial Corporation (collectively referred to as Capital One) oppose centralization; if the Panel deems centralization appropriate, they support centralization in the Central California court or, alternatively, suggest the Eastern District of Virginia as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these actions share sufficient complex common questions of fact arising out of Capital One's credit card practices relating to whether Capital One charges excessive finance, over limit and late fees as a result of i) its failure to timely post payments, ii) its designation of Saturdays, Sundays and federal holidays as payment due dates, or iii) its cutoff time for receiving payments. The Panel also finds that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Central District of California is the appropriate transferee forum for this litigation. We note that i) one action now before the Panel and a potentially related action are pending there before Judge Lourdes G. Baird, and ii) all parties, at least in the alternative, concur with this choice.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Lourdes G. Baird for coordinated or consolidated pretrial proceedings with the action pending there.